[702 NYS2d 640]

In the Matter of PETER L. RUDEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 7, 2000

APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Harvey B. Besunder,* Hauppague, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has belatedly submitted papers requesting that the Court find the penalty of interim suspension sufficient and reinstate him to the practice of law.

Charge One of the petition alleged that the respondent has neglected the duties and obligations imposed upon him as a lawyer for a client, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 9-102 (c) (4) (22 NYCRR 1200.30 [a] [3]; 1200.46 [c] [4]).

The respondent was retained by Lawrence M. Citarelli, doing business as Hampton Roofing and Siding, in or about November 1996 to recover money owed under a roofing contract. Citarelli discharged the respondent in or about April 1998 and demanded that the file be turned over to him or to his new attorney, Robert J. Zysk. By letter dated April 29, 1998, sent via certified mail, Citarelli demanded that the respondent release the file. The respondent failed to respond to that letter or to release the file.

By letter dated August 4, 1998, sent via telefax, Citarelli's new attorney requested that the respondent execute a form consenting to a change of attorney. The respondent again failed to respond. Citarelli thereafter moved to compel the respondent to turn over the file. Although duly served, the respondent did not appear or otherwise respond to the motion. By order dated December 9, 1998, the Honorable William L. Underwood of the Supreme Court, Suffolk County, granted the motion and ordered the respondent to release the file within 10 days. Notice of entry of the order was served upon the respondent by regular mail on or about December 21, 1998. The respondent released the file to the client's new attorney on or about December 28, 1998.

Charge Two alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of the complaint filed against him by Citarelli, which formed the basis of Charge One, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

On or about June 10, 1998, the Grievance Committee sent the respondent a letter, by regular mail, requesting that he submit his written response within 15 days. He failed to reply.

By letter dated July 6, 1998, sent via certified mail, the Grievance Committee requested the respondent's reply within 10 days, and advised him that his failure to cooperate with the investigation could, in and of itself, constitute professional misconduct. Although that letter was delivered on July 10, 1998, the respondent still failed to reply.

By letter dated July 22, 1998, sent via certified mail, the Grievance Committee demanded the respondent's answer by August 3, 1998, under threat of a motion for his interim suspension. Although that letter was delivered on July 23, 1998, the respondent again failed to reply.

By hand-delivered letter dated September 18, 1998, the Grievance Committee demanded the respondent's answer by September 30, 1998, and again threatened him with a motion for his interim suspension. The respondent still failed to reply, resulting in the decision and order of this Court, dated November 30, 1998, suspending him from the practice of law in this State.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges of professional misconduct. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining the appropriate measure of discipline to impose, the respondent asks this Court to consider the stress he was under due to family problems, his remorse, and his activities as a member of the Suffolk County Bar Association. The Special Referee noted that the competence of the respondent's representation was not at issue. Even the Grievance Committee asks this Court to consider the respondent's lack of any prior disciplinary record, the candor exhibited during the proceeding, and the fact that this matter does not involve any theft of escrow or any breach of the public trust. Under the totality of circumstances, the respondent is reinstated to practice and publicly censured for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law, and is hereby censured for his professional misconduct.